**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> UNION PACIFIC RAILROAD CO. <br><br><br> Defendant. <br> _____ | CV 08-3212 ODW (AJWx) <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27] |

I.   FACTUAL BACKGROUND

This dispute arises from a train derailment that destroyed a container of nine packages of printed books ("cargo"), which was part of an international intermodal movement. The original shipper of the cargo, a Singapore company called Text International PTE Ltd. ("Text"), contracted with ocean carrier APL Co. Pte. Ltd. ("APL") for shipment of the cargo from Singapore to Alabama under APL's bill of lading ("APL bill").

The APL bill contained a covenant not to sue APL's subcontractors, to which Text assented. In the event a subcontractor was sued, the bill also contained a "Himalaya Clause." *See Mori Seiki USA, Inc. v. M.V. Alligator Triumph*, 990 F.2d 444, 450 (9th Cir. 1993) ("A 'Himalaya Clause' is a clause in an ocean bill of lading that extends the benefit of the bill's defenses [ ] to downstream parties who have sub-contracted to perform the services contemplated by the bill"). The APL Bill also contained a $500.00 per package liability limitation that extended to inland delivery, pursuant to the Carriage of Goods By Sea Act ("COGSA"). 46 U.S.C. § 30701.

Text opted out of a term in the APL bill which would have provided liability above the $500.00 per package COGSA limit for a higher shipping cost. Instead, Text purchased a separate insurance policy from Plaintiff Federal Insurance Company ("FIC") covering the shipment through delivery. APL subcontracted with Defendant Union Pacific Railroad Company ("UP") for inland rail carriage from Los Angeles, California to Arkansas. There was a subcontract between APL and UP, described as UP's Master Intermodal Transportation Agreement ("MITA") UP Exempt Circular MITA 2-A (known as "MITA 2-A").

In late 2007, UP's train derailed near Nyland, California. The derailment destroyed Text's cargo, valued at $331,644.15. Plaintiff FIC paid Text $331,644.15 for this loss under the policy and became subrogated to the rights of its insured. FIC then brought this action against UP, alleging: (1) non-delivery of cargo; (2) negligence; (3) breach of contract; (4) breach of warranty; and (5) breach of bailment.

Defendant UP now moves for summary judgment or, alternatively, partial summary judgment. UP does not dispute that the cargo was destroyed in the derailment, but seeks an order: (1) enforcing the covenant not to sue or (2) enforcing the $500.00 per package limitation of liability in the APL bill.


## II. <u>LEGAL STANDARD</u>

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir. 1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-34; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must use "[its] own affidavits, . . . depositions, answers to interrogatories, [or] admissions on file" to designate such specific facts. *Celotex*, 477 U.S. at 324 (internal quotations and citation omitted). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). Only genuine disputes – where the evidence is such that a reasonable jury could return a verdict for the nonmoving party – over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 248.

///
///
///

## III. ANALYSIS

### *Covenant Not to Sue*

The bill of lading APL issued to Text states: "The Merchant [Text] undertakes that no claim or allegation shall be made against any Person whomsoever by whom the Carriage is procured, performed or undertaken whether directly or indirectly (*including any independent contractors and any Sub-contractors of the Carrier* [i.e., UP]), other than the Carrier," and that "every such Person shall have the benefit of every right, defense, limitation and liberty of whatsoever nature herein contained or otherwise available to the Carrier *as if such provisions were expressly for its benefit*." (Terrien Decl., Exh. D) (emphasis added).

This language clearly contemplates that Text shall not bring claims against APL's subcontractors, including UP. Here, it is not Text who brings this action against the subcontractor, but its insurer, FIC – who is subrogated to the rights of Text. It is well established, however, that the "doctrine of subrogation passes to the insurer only those rights which the assured has and, if the rights of the assured have been limited by lawful contract, the rights of the insurer are likewise limited." *Phoenix Ins. Co., supra. Atlas Assur. Co., Ltd. v. Harper, Robinson Shipping Co.*, 508 F.2d 1381, 1389 (9th Cir. 1975). Thus, because Text contractually limited its right to sue APL's subcontractors, it follows that FIC is likewise limited.[1]

Because the covenant not to sue precludes FIC's action against UP, the court need not discuss UP's other arguments.

---

[1] To the extent that UP was not party to the APL/Text contract, it may still enforce the covenant not to sue as a third party beneficiary – as the italicized language above explicitly provides. *See, e.g.*, *Sayward v. Dexter, Horton & Co.*, 72 F. 758, 764 (9th Cir. 1896) ("[N]otwithstanding the fact that Sayward is not a party to the contract, the covenant not to sue was made for his benefit, and he may therefore enforce it.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The clerk shall enter judgment accordingly.

DATED: December 16, 2008

_____
Otis D. Wright II
United States District Judge